**Order entered July 16, 2018**



**In The**
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00498-CR

**BRADRICK JERMAINE COLLINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. MA17-18552-F**

## ORDER

On April 27, 2018, appellant filed a pro se notice of appeal in this case. The docketing statement filed with the Court shows appellant did not submit an affidavit of indigency for review and the clerk's record contains a waiver of counsel. The clerk's record shows appellant represented himself pro se in the trial court proceedings. Appellant is representing himself on this appeal.

The reporter's record was not filed by the due date of May 29, 2018. On June 6, 2018, the court reporter filed a letter with the Court representing that she was not aware of the request for the reporter's record until May 31, 2018, because the request for the record was made to the wrong court reporter. Additionally, the court reporter informed the Court that appellant had not yet made arrangements to pay for the reporter's record.

On June 28, 2018, following an unrelated abatement, the Clerk of the Court notified appellant that the reporter's record had not been filed and directed him to provide the Court, within ten days, with written verification showing he has paid or arranged to pay the reporter's fee or else with written documentation showing he has been found to be entitled to proceed without payment of costs. On July 2, 2018, appellant filed with the Court a statement of inability to afford payment of court costs.

Because there has been no finding regarding whether appellant is entitled to proceed without payment of costs, we **ORDER** the trial court to make the following determinations: (1) whether appellant is indigent; (2) whether appellant is entitled to proceed without payment of costs; (3) whether appellant is entitled to have the reporter's record furnished without charge; and (4) if appellant is not entitled to have the reporter's record furnished without charge, the date by which appellant should be required to make acceptable payment arrangements for the reporter's record. *See* TEX. R. APP. P. 37.3(a)(2), (c), 20.2. We further **ORDER** the trial court to prepare findings of fact and conclusions of law detailing its determinations.

We **ORDER** the trial court to transmit a record of the proceedings, including its written findings and recommendations, to this Court within **THIRTY DAYS** of the date of this order.

This appeal is **ABATED** to allow the trial court to comply with the above order. The appeal shall be reinstated thirty days from the date of this order or when the findings are received, whichever is earlier.

/s/     LANA MYERS
         JUSTICE